### BARNETT et al. v. CISCO BANKING CO. et al. (No. 1480.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1923. Rehearing Denied June 7, 1923.)

**1. Partnership ⚖️132—Agreement that managing partners shall stipulate against personal liability of partners held binding as between partners.**

An agreement between partners that the managing partners would have no power to bind the partners personally, and that every written obligation which the managing partners might enter into should stipulate against the personal liability of the partners, is valid as between the partners themselves, though ineffective as to third persons.

**2. Joint stock companies and business trusts ⚖️15(1)—Managing partners held precluded by agreement from setting up secondary liability.**

Where joint stock company trust agreement in effect constituted articles of partnership and made the trustees the managing partners, and such agreement provided that the managing partners had no power to bind the partners personally, and that every written obligation which the managing partners might enter into should stipulate that the partners should not be personally liable thereon, such agreement *held* to prevent the trustees, when sued on a note of the joint stock company, from successfully setting up that the company was in fact a partnership and liable as such, and that the stockholders were the partners, and as such primarily liable upon the note, and that such managing partners or trustees were sureties thereon and secondarily liable only.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Cisco Banking Company against E. R. Wolcott and others, in which defendants, by special answer, set up liability of J. W. Barnett and others, who answered as defendants. From judgment for plaintiff, the last-named defendants appeal. Reversed and rendered.

Barker & Barker, of Cisco, for appellants. Sayles & Perry, of Abilene, Sayles & Sayles, of Eastland, Ben L. Cox, of Abilene, Jas. L. Shepherd, Patterson & Sherry, and Eugene Lankford, all of Cisco, and R. N. Grisham, of Eastland, for appellees.

HIGGINS, J. The Cisco Banking Company brought this suit upon a promissory note of the Imperial Oil & Development Company, an association operating under a declaration of trust, executed by its trustees E. R. Wolcott, S. A. Sauls and James L. Shepherd, in the name of the company; said note being also signed by Wolcott, Sauls, and Shepherd in their personal capacities as sureties. The note was to the order of plaintiff and dated September 6, 1920.

The suit was brought against said makers to recover upon the note and for foreclosure of liens securing the same. J. J. Albin, W. E. Putman, and H. W. McGee were joined as parties defendant, under the allegation that they were claiming some interest in the property upon which foreclosure was sought.

The note sued upon was given in renewal of a note of the association. When the original note matured, the bank declined to renew the same except upon the condition that Wolcott, Sauls, and Shepherd assume personal liability upon the renewal note, which they did by signing in their personal capacity as sureties.

Wolcott, Sauls, and Shepherd (hereinafter designated appellees) by special answer set up that the Imperial Oil & Development Company was a joint stock company, doing business under a pretended declaration of trust, with sole powers in the trustees, but in fact the same was a partnership and liable as such; that J. W. Barnett and many others, naming them (hereinafter designated appellants) were the partners and as such primarily liable upon the note sued upon, and appellees sureties thereon and secondarily liable only, and that since December 20, 1920, Shepherd had ceased to be a trustee or stockholder in the company and had no interest therein, wherefore they prayed that said partners be made defendants, and that the company and said partners be held primarily liable and appellees secondarily liable, and judgment be rendered and execution issued accordingly. A plea in abatement in due order was also filed by appellees suggesting a defect of necessary parties defendants, namely, the appellants. This plea was based upon the matters set up in the special answer of appellees, but seems not to have been insisted upon, as the records disclose no action thereon.

Appellants answered, setting up the declaration of trust and attaching a copy thereof to their answer and making it a part thereof and claiming exemption from liability under the terms of the instrument.

Upon trial without a jury, judgment was rendered dismissing as to McGee for want of service; in favor of C. D. Payton and I. C. Payton, who were among the parties vouched in by appellees; in favor of the bank for the amount due upon the note; and with foreclosure of lien against the Imperial Oil & Development Company, Wolcott, Sauls,

Shepherd, and the appellants, as principals, and also against Wolcott, Sauls, and Shepherd as sureties. Judgment of foreclosure was also rendered against Albin and Putman. For any deficiency after the sale execution was directed to be levied first upon the property of the Imperial Oil & Development Company; second, the property of the partners; third, upon the property of the sureties Wolcott, Sauls, and Shepherd.

The material facts controlling the rights of the parties are undisputed and are as follows: The trust agreement is dated December 23, 1918, and was executed by a number of persons, among them, Wolcott, Sauls, and W. C. Houston, who were made the first trustees. Shepherd subsequently succeeded Houston as trustee. Sections 1 and 2, art. X, of the declaration of trust reads as follows:

1. "The trustees shall have no power to bind the shareholders personally, and the subscribers and their assigns and all persons and corporations extend to, contracted with, or having any claim against the trustees, shall look only to the funds and property of the trust for payment under such contract or claim, or for the payment of any debt, damage, judgment, or any money that may otherwise become due or payable to them from the trustees, so that neither the trustees, nor shareholders, present, or future, shall be personally liable by reason of such order, contract, or obligation."

2. "In every written instrument, order, or obligation which the trustees shall give or enter into, it shall be the duty of the trustees, to stipulate that neither the trustees nor the shareholders shall be held personally liable by reason of such order, contract, or obligation."

Wolcott, Sauls, and Shepherd were stockholders in and trustees of the company when the note sued upon was made. Appellants were stockholders when the note was executed.

In support of the judgment, appellees assert that the trust agreement was ineffective to create a so-called Massachusetts or common-law trust because the instrument does not make the trustees the absolute masters of the trust estate; the stockholders therefore are liable as partners and the stipulation in the trust agreement relieving them from personal liability upon the obligations of the company is contrary to law and public policy and consequently void.

So far as concerns the rights of third persons dealing with the company it may be assumed that this position is correct but no such question is presented. The Cisco Bank sought no relief in the court below against these appellants and has filed no brief in this court in support of the judgment rendered.

The parties seeking to impose a personal liability upon these appellants, and at whose instance the same was imposed, are the trustees.

[1] We know of no rule of law, or principle of public policy, which would preclude partners as between themselves from agreeing that the managing partners would have no power to bind the partners personally, and that every written obligation which the managing partners might enter into should stipulate that the partners should not be personally liable thereon. On the contrary, we are of the opinion that such an agreement as between the partners themselves is valid and binding. Wells v. Tel. Co. (Tex. Civ. App.) 239 S. W. 1001; Hossack v. Ottawa Dev. Co., 244 Ill. 274, 91 N. E. 439.

This is based upon the rule that, in general, partners as between themselves may make such lawful stipulations as they see fit. Contracts of this nature may be ineffective so far as concerns the rights of third persons, but are none the less binding upon the parties themselves. Parsons on Part. 232.

[2] The trust agreement constitutes the articles of partnership and makes the trustees the managing partners. If in fact the note sued upon imposed in favor of the plaintiff a personal liability against the appellants, then such liability was imposed by the trustees contrary to the partnership agreement and regardless of the duty imposed upon them to stipulate in every written obligation entered into that no personal liability should attach to the stockholders. The action of the trustees in this matter breached the partnership stipulations. It was misconduct which would subject them to personal liability for any loss which the other partners might sustain thereby. 30 Cyc. 453.

Since the plaintiff in this case is asking no relief against these appellants, the trustees, for their own benefit and protection, cannot invoke the rules of law upon which they seek to sustain this judgment, and the judgment rendered against these appellants is unwarranted.

It is contended that appellants' pleadings are insufficient. It is a sufficient reply to this to say that a copy of the trust agreement was attached to and made a part of the answer. The facts are fully pleaded, and that is all that is necessary. It was not necessary that an estoppel in pais be pleaded. The charter of appellants' rights against the trustees is the trust agreement. That is the contract which, as between the appellants and the trustees, protects the former from the consequences resulting from the latter's breach of its provisions.

The judgment of the court below will be reversed, and judgment here rendered in favor of appellants. In all other respects the judgment of the court below will remain undisturbed.

Costs of appeal are taxed against Wolcott, Sauls, and Shepherd.

Reversed and rendered, as indicated.